24CA0184 Peo v Mankin 03-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0184
Alamosa County District Court No. 22CR98
Honorable Kim Cortez-Rodriguez, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Paul Mankin,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Graham*, and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Ainsley E. Baum, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Paul Mankin, appeals the judgment of conviction entered pursuant to a jury verdict finding him guilty of first degree assault. He argues that the guilty verdict is inconsistent with the jury's not guilty verdict and special interrogatory findings for attempted second degree murder. We disagree and therefore affirm.

## I.    Background

¶ 2    Mankin and Martin Ramos were involved in an altercation in Ramos's garage. Mankin wielded a box cutter and Ramos suffered, among other injuries, a deep, six-inch-long laceration to his flank. Mankin left the scene, and his friend who lived above the garage called the police. Once police arrived, they called an ambulance for Ramos. They arrested Mankin the following day.

¶ 3    As relevant here, the People charged Mankin with attempted second degree murder, *see* §§ 18-3-103(1)(a), 18-2-101, C.R.S. 2025, and first degree assault causing serious bodily injury with a deadly weapon, *see* § 18-3-202(1)(a), C.R.S. 2025. They also charged Mankin with two crime-of-violence sentence enhancers for attempted murder: (1) use of a deadly weapon and (2) causing serious bodily injury. *See* § 18-1.3-406(2)(a)(I)(A), (B), C.R.S. 2025.

¶ 4    At trial, Mankin asserted the affirmative defense of self-defense.  The jury found him not guilty of attempted second degree murder, but guilty of first degree assault.  The crime-of-violence interrogatories asked the jury whether Mankin (1) "used a deadly weapon in the attempted commission of the crime of murder in the second degree" or (2) "caused serious bodily injury] in the attempted commission of the crime of murder in the second degree."  Given the option to select only "yes" or "no," the jury selected "no" for each question.

¶ 5    Defense counsel moved for a judgment of acquittal, arguing that the jury must have credited Mankin's assertion of self-defense, which is a defense to both attempted murder and first degree assault.  The district court denied the motion, finding that because the elements of the charged crimes are distinct, the jury could find Mankin not guilty of one and guilty of the other without finding that he had acted in self-defense.  The court sentenced Mankin to sixteen years in prison.

## II.    Discussion

¶ 6    On appeal, Mankin contends that the jury verdicts are inconsistent because (1) disproving self-defense was an element of

both crimes, and the jury's findings on self-defense should apply to both verdicts; and (2) the jury's special interrogatory responses negate the deadly weapon and serious bodily injury elements of first degree assault as charged. *See* § 18-3-202(1)(a) ("A person commits the crime of assault in the first degree if . . . [w]ith intent to cause serious bodily injury to another person, he causes serious bodily injury to any person by means of a deadly weapon . . . .").

¶ 7    The People argue that the verdicts are not inconsistent, and even if the verdicts are inconsistent, reversal is not required. We agree with the People.

### A.    Standard of Review and Applicable Law

¶ 8    We review de novo whether jury verdicts are legally and logically inconsistent (or "mutually exclusive"). *People v. Delgado*, 2019 CO 82, ¶ 13. Two *guilty* verdicts are mutually exclusive when an essential element of one crime necessarily negates an essential element of the second crime. *People v. Brooks*, 2020 COA 25, ¶ 36 (citing *Delgado*, ¶¶ 2-3).

¶ 9    Similarly, a special interrogatory response and a verdict are mutually exclusive when the response necessarily negates an essential element of the general verdict to which it is attached. *Id.*

3

at ¶ 19; *see People v. Shockey*, 2026 CO 10, ¶ 32 (examining an *internal* inconsistency between a substantive verdict and a special interrogatory); *cf. Rail v. People*, 2019 CO 99, ¶ 46 (concluding that any inconsistency between the response to a unanimity interrogatory and the general verdict forms did not cast serious doubt on the reliability of the judgment). "[T]he question is whether the jury's interrogatory responses nullify its verdict." *Shockey*, ¶ 19 (citation modified).

¶ 10 We will uphold a guilty verdict if we can reconcile any inconsistency and discern the jury's intent. *Id.* at ¶ 29.

### B. Application

¶ 11 First, we reject Mankin's argument that the jury's not guilty verdict for attempted second degree murder necessarily turned on the element of self-defense. Acquittals may have various explanations. *Delgado*, ¶ 26; *Brooks*, ¶ 12. One obvious explanation for these verdicts lies in the jury's interpretation of Mankin's mental state. The jury could have found that Mankin did not knowingly take a substantial step toward causing Ramos's death, as required for attempted second degree murder, but he did intend to cause serious bodily injury, as required for first degree

4

assault. *Compare* § 18-3-103(1)(a), *and* § 18-2-101, *with*

§ 18-3-202(1)(a). In other words, the jury could have found that

Mankin intended to seriously injure Ramos with a box cutter but

did not knowingly try to kill him. Because the jury could reach its

verdicts without finding that Mankin acted in self-defense, we

presume that it did so. *See People v. Hood*, 878 P.2d 89, 92 (Colo

App. 1994) ("Every presumption is in favor of the verdict."). We

conclude that the general verdicts were not legally or logically

inconsistent.

¶ 12     Next, for two reasons, we reject Mankin's argument that the

jury's responses to the attempted murder crime-of-violence

interrogatories negated the deadly weapon and serious bodily injury

elements of first degree assault. One, the plain language of the

interrogatories asked the jury whether Mankin used a deadly

weapon or caused serious bodily injury "in the attempted

commission of the crime of murder in the second degree." Thus,

the jury's answers do not signify a finding as to whether Mankin

used a deadly weapon or caused serious bodily injury while

committing the crime of first degree assault. Two, neither the jury

instructions nor the verdict forms clearly informed the jury that it

should not respond to the crime-of-violence interrogatories if it found Mankin not guilty of attempted murder. Having so found, the jury may have perceived its "no" responses to best reflect its intent to acquit Mankin of that crime. For these reasons, we conclude that the interrogatory responses and the guilty verdict for first degree assault were not legally or logically inconsistent. *See Hock v. New York Life Ins. Co.*, 876 P.2d 1242, 1259 (Colo. 1994) ("If there is a view of the case that makes the jury's answers consistent, an appellate court has a duty to reconcile the special verdict in that way.").

¶ 13    Finally, we agree with the People that even if the verdicts were inconsistent, Mankin would not be entitled to relief. Consistency between *guilty* and *not guilty* verdicts is not required. *Delgado,* ¶ 14; *People v. Frye*, 898 P.2d 559, 570-71 (Colo. 1995). Unlike mutually exclusive guilty verdicts, which are specific findings "encompassing all the elements of the crime," an acquittal is not a finding. *Delgado,* ¶ 26. Inconsistent guilty and not guilty verdicts may be explained by a jury's mistake, compromise, or lenity — they do not show that the jury was unconvinced of a defendant's guilt or necessitate an acquittal. *Frye*, 898 P.2d at 569 (citing *United States*

*v. Powell*, 469 U.S. 57, 64-65 (1984)).  And we generally uphold convictions despite any "rational incompatibility" with acquittals. *Id.* at 568.  Here, we uphold Mankin's conviction for first degree assault because the jury's guilty verdict unambiguously established its intent to find that the People proved each element of that crime beyond a reasonable doubt.  *See Shockey*, ¶ 34.

## III.  Disposition

¶ 14    The judgment is affirmed.

JUDGE GRAHAM and JUDGE BERGER concur.